No. 4618.

(Court of Appeal, Parish of Orleans.)

## GEORGE C. BULLEN VS. MARTIN G. GUND.

1. The fixing of causes for argument and their continuance are matters within the sound discretion of the trial judge, and his action in such matters will not be reviewed by the Appellate Court, unless they were manifestly unjust and arbitrary.
2. The issues of fact herein are resolved in favor of plaintiff.

Appeal from Civil District Court, Division —.

J. C. Wickliffe, for Plaintiff and Appellee.

T. B. Walker, B. Y. Wolf, for Defendant and Appellant.

DUFOUR, J.   The plaintiff obtained a contract from the City of New Orleans for the reconstruction of a bridge and borrowed from defendant the money necessary to carry out his undertaking.

The compensation agreed on was one-half of the profits made.

Subsequently, Bullen assigned his contract to Gund and gave him an order on the city authorities to receive payment on completion of the work.

The money was collected by Gund, who paid $300 on account to Bullen.

The present suit seeks to recover the balance of one-half of the profits claimed by plaintiff according to the terms of his verbal agreement with defendant.

From a judgment condemning the defendant this appeal has been taken.

Appellant complains that the cause was tried and argument was heard in spite of his protest, and request for a continuance.

Such matters are within the sound discretion of the trial judge and will not be reviewed by an appellate Court, unless the action of the judge was manifestly arbitrary and unjust.

It is also urged that the contract is for more than $500, and is not proved by a creditable witness and corroborating circumstances.

The plaintiff swears to its existence, Mr. Wickliffe, his

—141—

attorney, proves the payment on account, and defendant's admission of liability.

The City Hall documents show the assignment of the contract and the collection of the money, and the record contains an account rendered by Gund to Bullen.

The judgment is supported by sufficient and competent evidence.

Judgment affirmed.

February 8, 1909.

Rehearing refused, March 8, 1909.

Writ refused by Supreme Court, April 14, 1909.